UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD J. AUTHER and
JENNIFER AUTHER,

                    Plaintiffs,

v.

OSHKOSH CORPORATION,

                    Defendant.

---

**DECISION AND ORDER**

09-CV-00527(A)(M)

      This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) [6].[1] Before me are the parties' discovery motions [17, 20]. For the following reasons, I order that plaintiffs' motion be granted in part and denied in part, and that defendant's motion be granted.

**BACKGROUND**

      This removal action arises from injuries sustained by plaintiff Richard Auther on August 23, 2007 by an exploding tire from an Oshkosh U.S. Military Medium Tactile Vehicle Replacement truck (the "vehicle") resulting from an alleged brake drum and chamber diaphragm failure. Notice of Removal [1], Ex B, ¶3. At the time of the incident, plaintiff was a member of the United States Marines training in California. Id. He asserts claims for negligence and products liability against defendant, the manufacturer of the vehicle. Id. (first and second causes of action). Jennifer Auther asserts a derivative claim for loss of consortium. Id. (third cause of action).

---

[1]     Bracketed references are to the CM/ECF docket entries.

Plaintiffs seek leave to serve additional interrogatories, to compel design drawings of the vehicle's brake system and information concerning the photographs produced by defendant as part of its mandatory disclosures, and to extend the deadlines of the case management order [17]. Defendant cross-moves to compel interrogatory responses from plaintiff Jennifer Auther.

## ANALYSIS

**A.  Plaintiffs' Motion**

    **1.  Motion for Leave to Serve Additional Interrogatories**

Plaintiffs' first set of interrogatories dated September 17, 2009 contains 29 numbered interrogatories. Braun affirmation [17], Ex. F. Defendant objected to interrogatories 26 through 29 as being beyond the number of interrogatories permitted by Fed. R. Civ. P. ("Rule") 33(a)(1). Id., Ex. H.

Absent leave of court or stipulation, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Rule 33(a)(1). "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Id.

Defendant argues that it answered the first 25 interrogatories despite the fact that they contained numerous discrete subparts and that this motion is improperly framed as a motion to compel. Priore affidavit [22], ¶¶13 and 14. Neither argument is availing. Had defendant believed that any of plaintiffs' other interrogatories exceeded the 25-interrogatory limitation, it should have objected on this basis rather than answering them. Plaintiffs' motion is also not

characterized as a motion to compel. In fact, their notice of motion specifically seeks "an Order permitting additional Interrogatories" [17].

Significantly, defendant does not argue that the additional interrogatories seek duplicative or irrelevant information. "Guided by [Rule] 26(b)(2) which seeks to limit discovery to that which is proportional to the needs of the case", I find that the additional four interrogatories, which seek the factual basis for four of defendant's sixteen affirmative defenses, are proportional to the needs of this case. Denmeade v. King, 2001 WL 1823579, *1 (W.D.N.Y. 2001) (Elfvin, J.) ("Plaintiffs are only asking for an additional five interrogatories which is entirely proportional to the needs of their case."). Moreover, as discussed below, there is authority supporting that each party (as opposed to each side) is entitled to 25 interrogatories. Therefore, this aspect of plaintiffs' motion is granted.

**2. Motions to Compel**

**a. Design Drawings of the Vehicle's Brake System**

Plaintiffs' Notice to Produce dated September 17, 2009 requested:

"(3) Copies of any and all engineering drawings, blue prints, plans, specifications, diagrams, etc. which relate to the brake system of [the vehicle]." Braun affirmation [17], Ex. G.

In response, defendant:

"objects to this request because it is vague, ambiguous, overbroad and unduly burdensome. In addition, Oshkosh objects to this request because it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to otherwise admissible evidence. In addition, Oshkosh objects to this request because it seeks information

that is confidential and proprietary. In addition, Oshkosh objects to this
request because it did not design or manufacture the brake chambers
used on the [vehicle]." Id., Ex. I.

Plaintiffs challenge the validity of defendant's objection and seek to compel the requested documents. In particular, they argue that the design of the brake component is relevant to defendant's "government contract defense", which only applies to products designed and manufactured to government specifications. Braun affirmation [17], ¶¶20 and 21. Defendant responds that it would be unreasonable to produce this information with respect to the approximately 850 parts of the vehicle's brake system, that it has already produced a number of documents responsive to this request, and that it did not manufacture the brake system. Priore affidavit [22], ¶¶18-25. It also argues that plaintiffs failed to comply with Rule 37(a)(1) and Local Rule 37, which require the parties to meet and confer prior to bringing discovery motions. Id. ¶¶26-27.

Taking defendant's arguments in reverse order and without addressing the merits of the parties' other arguments, I find that plaintiffs' failure to comply with the requirements of Rule 37 and Local Rule 37 necessitates denial of the motion, without prejudice to renewal. *See* Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 100 (S.D.N.Y. 1997) ("Leisure Time . . . apparently did not attempt to negotiate a compromise with Columbia, preferring instead prematurely to involve this Court in the parties' discovery disputes. Because this Court finds that Leisure Time's motion to compel . . . violates the meet-and-confer requirements of the Federal

Rules of Civil Procedure, the Local Rules, and this Court's Individual Rules, this Court finds that Leisure Time's motion should be denied.").[2]

### b. Information Regarding the Photographs Produced by Defendant

Although not raised as a separate component of plaintiffs' motion, they appear to seek information concerning the 240 photographs produced by defendant as part of its mandatory disclosures. Braun affirmation [17], ¶9. According to plaintiffs these photographs are "useless without knowing who took the photographs, when they were taken and what is the subject matter of the photographs." Braun affirmation [26], ¶6. In response, defendant relies on Rule 26(a)(1)(A)(ii), which provides that a party's mandatory disclosures must include "a copy - *or description by category and location* - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control" (emphasis added). I agree with defendant. If plaintiffs seek further information about the photographs they can obtain that information through the other discovery mechanisms available to them. Therefore, this aspect of plaintiffs' motion is denied.

### C. Plaintiffs' Motion to Extend the Deadlines of the Case Management Order

Plaintiffs seek to extend the March 1, 2010 deadline to complete fact depositions and all subsequent deadlines of the July 29, 2009 Case Management Order [12] by 90 days. Braun affirmation [17], ¶¶23-28. Although the parties dispute who was responsible for the

---

[2] Going forward, I also expect that the parties will abide by my customary practice of requiring the parties to initially submit a brief letter to me outlining their discovery dispute. I will then generally conduct a conference with the parties in an attempt to resolve the dispute informally before directing them to file an appropriate motion.

delays in completing the fact depositions, plaintiffs' depositions occurred on February 25, 2010. Braun affirmation [26], ¶20. However, it appears that a deposition of defendant's Rule 30(b)(6) witness has yet to occur, and the parties still need to exchange the discovery addressed in this Order. Given these circumstances, as well as the timeliness of plaintiffs' motion, I order that this aspect of plaintiffs' motion be granted.

**D.     Defendant's Motion to Compel**

Defendant served "Interrogatories to Plaintiffs" dated August 27, 2009, which plaintiffs answered. Braun affirmation[23], Exs. B and D. It then served plaintiffs with "Interrogatories to Plaintiff Jennifer Auther" dated December 2, 2009. Priore affidavit [20-2], Ex. C. However, plaintiffs failed to answer these interrogatories or to respond to defendant's inquiries, thereby resulting in this motion. Id., ¶¶ 9-10.

As set forth above, Rule 33(a)(1) provides that "a party may serve *on any other party* no more than 25 written interrogatories, including all discrete subparts" (emphasis added). The plain language of Rule 33 indicates that the 25 interrogatory limitation is per party, rather than per side. *See* St. Paul Fire and Marine Insurance Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.Mass. 2003) ("Under the plain terms of Rule 33(a), each defendant could, without leave of court, serve 25 interrogatories on the plaintiff."); Madison v. Nesmith, 2008 WL 619171, *3 (N.D.N.Y. 2008) ("Under Rule 33, plaintiff was entitled to serve up to 25 Interrogatories *on each of the three defendants*." (emphasis added)). James W. Moore, 7 Moore's Federal Practice §33.30[1] (3d ed. 2008) ("In multi-party cases, a party may serve 25

interrogatories on *each other party involved*. . . . The interrogatories are subject, however, to objections based on duplication." (emphasis added)).

Although defendant's initial 26 interrogatories were captioned as being directed to both plaintiffs, the content of the interrogatories was directed only to the claims of plaintiff Richard Auther, Braun affirmation [23], Ex. B, whereas the second set of 23 interrogatories are directed and relate solely to plaintiff Jennifer Auther and her claim. Priore affidavit [20-2], Ex. C. Therefore, I find that defendant's second set of interrogatories directed at plaintiff Jennifer Auther is permissible under Rule 33(a)(1).

At least one commentator has suggested that, in some instances, the 25-interrogatory limitation be applied to each side, as opposed to each party.

> "The limitation on number of depositions, also imposed in 1993, speaks in terms of 'sides' rather than parties. Because it frequently happens that a number of parties on the same side are represented by a single attorney and in that sense act in unison, this concept might be attractive in the interrogatory setting as well. In instances of legally related parties such as a parent corporation and its subsidiary, this could be particularly attractive. But the basic problem is more widespread. Consider, for example, a situation in which ten people injured in a bus crash sue the bus company in a single suit represented by the same lawyer. Should they be considered one party or ten for purposes of the interrogatory limitation? The best result would seem to be to recognize that in some instances nominally separate parties should be considered one party for purposes of the 25–interrogatory limitation." 8B Alan Wright, et al. Federal Practice & Procedure §2168.1 (3d ed. 2010). *See* Zito v. Leasecomm Corp., 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (Although not reaching the issue, finding that this is the "more sensible approach". ).

However, even applying this approach, I find that the plaintiffs are more than nominally separate parties for purposes of this inquiry. While their claims arise from the same incident, plaintiff Richard Auther's negligence and products liability claims are sufficiently distinct from plaintiff

-7-

Jennifer Auther's loss of consortium claim to permit 25 interrogatories directed at each plaintiff. Therefore, I grant defendant's motion, and order plaintiff Jennifer Auther to answer the December 2, 2009 interrogatories, subject to any appropriate objections.

**CONCLUSION**

For these reasons, plaintiffs' motion [17] is GRANTED in part and DENIED in part and defendant's cross-motion is GRANTED [20] as set forth herein. The parties shall serve the discovery addressed herein by April 19, 2010. An Amended Case Management Order will be follow this Order.

Unless otherwise ordered by Judge Arcara, any objections to this Decision and Order must be filed with the clerk of this court by April 16, 2010 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(a)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(2) of the Local Rules of Civil Procedure for the Western District of New York, "[t]he specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to the

law shall be clearly set out." Failure to comply with the provisions of Rule 72.3(a)(2), may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

Dated: March 30, 2010

                                                    <u>/s / Jeremiah J. McCarthy</u>
                                                    JEREMIAH J. MCCARTHY
                                                    United States Magistrate Judge