UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD J. AUTHER and
JENNIFER AUTHER,

                    Plaintiffs,

        v.                            DECISION AND ORDER
                                            09-CV-527

OSHKOSH CORPORATION,

                    Defendant.

---

*Introduction*

Plaintiff Richard Auther ("Plaintiff") commenced this products liability case against Defendant Oshkosh Corporation ("Defendant" or "Oshkosh") as a result of injuries he sustained on August 23, 2007, when a tire and wheel separated from a Medium Tactile Vehicle Replacement truck ("MTVR truck"). The MTVR truck is a military truck manufactured by Oshkosh for the United States Marine Corps ("USMC") pursuant to a government contract. Plaintiff alleges that the vehicle was defectively designed and manufactured. Specifically, Plaintiff claims that the failure of a brake chamber diaphragm located on the rear wheel brake assembly caused the tire and wheel to separate from the vehicle.

On November 15, 2010, Defendant filed a motion for summary judgment arguing that, as a matter of law, it was shielded from liability by the government contractor defense. Plaintiffs opposed Defendant's motion arguing, among other

things, that genuine issues of material fact existed as to whether the elements of the government contractor defense had been met. On September 15, 2011, Magistrate Judge Jeremiah J. McCarthy issued a Report and Recommendation denying Defendant's motion for summary judgement. On January 3, 2012 this Court adopted Magistrate Judge McCarthy's findings and denied Defendant's motion for summary judgment.

On February 17, 2012, Defendant moved this Court to certify its Decision and Order denying Defendant's motion for summary judgment to the Second Circuit for an interlocutory appeal and stay. Defendant maintains that there is a controlling question of law concerning the government contractor defense that is a matter of first impression to be considered by the Second Circuit. Plaintiffs submitted a response in opposition and Defendant filed a reply. On May 10, 2012, this Court heard oral argument with respect to Defendant's motion.

For the reasons set forth below, Defendant's request that this Court certify its Decision and Order denying Defendant's motion for summary judgment to the Second Circuit for an interlocutory appeal and stay is denied in its entirety.

### *Relevant Facts*

In December of 1998 the USMC contracted with Oshkosh for production of MTVR military trucks. The contract included requirements for a braking system. Oshkosh contracted with MGM Brakes ("MGM") to manufacture the brake chambers to be used in the military trucks. A diaphragm located on both sides of

2

the brake chambers controlled the air flow of the exhaust of the service and parking brake.

The contract specified that the Government would conduct a number of inspections and fitness tests before the vehicles were certified for production. On April 2, 2001, the Assistant Secretary of the Navy approved the contract for entry into the production and deployment phase. Oshkosh then began producing vehicles pursuant to the contract's specifications.

Sometime in late 2003 or early 2004, the USMC informed Oshkosh that they had discovered cracked diaphragms in a number of the vehicles. They requested that Defendant, along with MGM, investigate the situation and suggest improvements. Meanwhile, from approximately December 2003 through August 2004, Oshkosh continued to make MTVR trucks with the original diaphragm specifications.

In or around August of 2004, Oshkosh, with MGM's assistance, proposed a new and improved diaphragm for new production vehicles. The USMC approved the design and decided to retrofit existing field vehicles with the improved diaphragm. A representative of Defendant testified that Oshkosh retrofitted the seven vehicles in its possession, and the USMC undertook the responsibility of retrofitting the vehicles that had already been shipped to the USMC.

The vehicle involved in the accident at issue here was assembled in February 2004 and shipped to the USMC in May 2004. Therefore, it was made

3

with the original diaphragm. In September of 2006 Oshkosh performed an update to the armor cab bushings on the vehicle. A representative of Oshkosh testified that even though Defendant had access to the vehicle for a short period of time to perform this update, it would have been outside of normal procedure for Defendant to verify whether the modified diaphragm had been installed.

The accident which is the subject of this lawsuit occurred in August of 2007. Defendant's investigation of the accident revealed that the cause of the wheel separation was a crack in the brake chamber diaphragm in a rear wheel brake assembly.

## *Discussion*

A district court may certify an order for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. *See In re Flor*, 79 F.3d 281, 284 (2d. Cir. 1996).

In order to establish that the interlocutory decision contains a "controlling question of law", a party must show: (1) that reversal of the court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation. *See Enron Corp. v. Springfield Assocs., LLC*,

2006 U.S. Dist. LEXIS 63223, *18 (SDNY 2006). Importantly, the "question of law" must refer to a "pure question of law that the reviewing court could decide quickly and cleanly." *Id*. The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion. *Mills v. Everst Reins Co.*, 771 F. Supp. 2d 270, 272 (SDNY 2009).

Here, Defendant moved for summary judgment based upon the government contractor defense. The Supreme Court has set forth the following test for application of the government contractor defense:

> Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of equipment that were known to the supplier but not to the United States.

*Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988). Magistrate Judge McCarthy correctly recommended that summary judgment be denied because there was a material issue of fact as to whether the first element of the *Boyle* test-- whether the USMC approved the reasonably precise specifications for the vehicle in question–was met.

Defendant now argues that it is this element of the *Boyle* test that raises a question which should be considered by the Second Circuit, specifically, "whether the military's continued use of a product with knowledge of a design defect -while investigating and implementing possible improvements - constitutes approval of reasonably precise specifications." Defendant maintains that if the Second Circuit

5

"answers this question in the affirmative" the result would be either a reversal of this Court's Decision and Order denying summary judgment, and termination of the action, or a remand for further proceedings by this Court which would "undoubtedly affect the future course of litigation."

In cases where the appeal turns on a controlling question of law, an appellate court will not entertain an appeal if it "merely involves the application of well-settled principles of law to particular facts." *Banque Nordeurope S.A. v. Banker*, 970 F.2d 1129, 1131 (2d Cir. 1992); *Lawson v. Abrams*, 863 F.2d 260, 262 (2d Cir. 1988) ("to be appealable...issue may not turn on an open question of fact"). Here, even if the Second Circuit were to answer the question posed by Defendant in the affirmative, questions of fact identified by Magistrate Judge McCarthy still exist which would have a material effect on the outcome of Defendant's request for summary judgment as well as on the outcome of the litigation. Thus, certification for interlocutory appeal and stay would be inappropriate.

In his Report and Recommendation, Magistrate Judge McCarthy acknowledged that the Second Circuit has "not decided whether [a] contractor can invoke the military contractor defense where the Government merely tolerates a defect through continued use of a product in the face of knowledge of a design defect acquired after the design stage ended." *Lewis v. Babcock Industries, Inc.*, 985 F.2d 83, 85 (2d Cir. 1993). However, Magistrate Judge McCarthy correctly

noted that even if continued use can constitute approval, it is evident that long term governmental use is necessary. *Lambert v. B.P. Products North America, Inc.*, 2006 WL 924988, *7 (S.D. Ill. 2006) (numerous courts have found that the first element under *Boyle* may be established if long-term governmental use of a product is shown). A question of fact exists here because while continued use of the defective diaphragm on the vehicle involved in the accident for nearly three years may constitute long-term use, the record revealed that this likely resulted from the subject vehicle "falling through the cracks" and not from the USMC's approval of the design of the defective diaphragm.

Furthermore, even if USMC's continued use of the diaphragm, while investigating and implementing possible improvements, constituted approval of the reasonably precise specifications for the diaphragm, there is still a question of fact as to whether Defendant had any responsibility over the retrofitting program and for the failure to retrofit the vehicle involved in the instant action. Magistrate Judge McCarthy noted that there was evidence in the record that retrofits may have been performed as warranty work under Defendant's contract and an August 2004 bulletin stated that military personnel were to contact Defendant's field representative to obtain the retrofit kit. These facts may suggest that Defendant had at least some responsibility for the retrofits. Moreover, Defendant had access to the vehicle in question in September 2006, prior to the accident and after the retrofit program had been implemented, to perform an update to the armor cab

bushings.

Since these issues of fact would remain outstanding regardless of how the Second Circuit may apply the first element of the *Boyle* test to the instant facts, this Court finds that Defendant's request for an interlocutory appeal does not involve a controlling question of law that would either result in a reversal of this Court's Decision and Order denying Defendant's motion for summary judgment or that would materially affect the outcome of the litigation.

## *Conclusion*

For all of the foregoing reasons, Defendant's motion to certify this Court's Decision and Order for Interlocutory Appeal and Stay is denied in its entirety. The case is referred back to Magistrate Judge McCarthy for further proceedings.

SO ORDERED.

                                      *s/ Richard J. Arcara*
                                      HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT JUDGE

DATED: October 3, 2012